GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA  90017-3411
TELEPHONE  (213) 625-3900
FACSIMILE  (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS   SBN 108325
NOAH J. GELDBERG SBN 311722
Attorneys for Plaintiff ROSS THOMPSON, individually
and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSS THOMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC, a California Limited Liability Company, SONY INTERACTIVE ENTERTAINMENT AMERICA, LLC, a California Limited Liability Company, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 3:17-cv-5051<br><br>**CLASS ACTION COMPLAINT**<br><br>**1. BREACH OF CONTRACT**<br>**2. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br>**3. UNJUST ENRICHMENT**<br>**4. FRAUD**<br>**5. FRAUD – NEGLIGENT MISREPRESENTATION**<br><br>**JURY TRIAL DEMANDED** |

- 1 -

Plaintiff Ross Thompson ("Plaintiff"), by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on his personal knowledge:

## NATURE OF THE ACTION

1. This is a class action on behalf of all consumers who purchased the live stream from Defendants SONY INTERACTIVE ENTERTAINMENT LLC and SONY INTERACTIVE ENTERTAINMENT AMERICA LLC (collectively, the "Defendants") to view live the August 26, 2017 Floyd Mayweather, Jr. vs. Conor McGregor fight and undercards through a PlayStation 4 ("PS4") system (the "Mayweather fight"). Due to technical failures or other failures on Defendants' part, Plaintiff and the Class were unable to view in whole the Mayweather fight.

## THE PARTIES

2. Defendant SONY INTERACTIVE ENTERTAINMENT LLC is a limited liability company organized and doing business under the laws of California, having its principal place of business in San Mateo, California. Defendant SONY INTERACTIVE ENTERTAINMENT AMERICA LLC is a limited liability company organized and doing business under the laws of California, having its principal place of business in San Mateo, California. In the regular course of its business, Defendants advertised that consumers could pay $99.95 to live stream the Mayweather fight from Defendants' PlayStation Store on a PS4. Specifically, Defendants advertised that its system would stream the Mayweather fight live from Defendants' PlayStation Store on a PS4.

3. Plaintiff is an individual consumer residing in Corinth, Mississippi. Like thousands (or more) of other fight fans across the country, Plaintiff paid Defendants $99.95 to stream the Mayweather fight live from Defendants' PlayStation Store on a PS4. Plaintiff was not able to view a substantial portion of the Mayweather fight. Defendants' system had technical and/or other failures and did not stream the

1  Mayweather fight completely or clearly. Plaintiff experienced periodic blackouts
2  grainy video, buffering events, delays and stalls and was unable to watch the
3  Mayweather fight completely or clearly. Defendants delivered shoddy or non-existent
4  streams for nearly a $100 price tag.

5  4.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when the same have been fully ascertained.

5.  Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the Defendants was the agent, servant, employee, co-venturer, and co-conspirator of each of the remaining Defendants, and was at all times herein mentioned acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of and for such agency, employment, joint venture and conspiracy.

6.  Plaintiff is further informed and believes, and thereon alleges, that at all relevant times, each Defendant was completely dominated and controlled by its Co-Defendants, and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this Complaint, but were employees and/or agents of Defendants, such individuals at all relevant

times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action under the *Class Action Fairness Act*, 28, U.S.C. § 1332(d), because this is a class action in which: (1) there are more than a one hundred and fifty (150) members in the proposed class; (2) various members of the proposed class are citizens of states different from where Defendants are citizens; and (3) the amount in controversy, exclusive of interest and costs, exceeds $5,000,000.00 in the aggregate.

8. In addition, this Court has supplemental jurisdiction over Plaintiff's state claims under 28, U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff and Class Members' claims occurred in the Northern District of California as Defendants: (a) have their principal places of business in this District; (b) are authorized to conduct business in this District and have intentionally availed itself to the laws within this District; (c) currently do substantial business in this District; and (d) are subject to personal jurisdiction in this District.

///

///

///

# FACTUAL ALLEGATIONS

10. On August 25, 2017, in response to Defendants' offering of the live stream of the Mayweather fight on its online PlayStation store, plaintiff paid Defendants $99.95 for a live stream of the fight on his PS4. Plaintiff's receipt is shown below:

> **PlayStation.**
>
> **Pre-order Purchase Confirmation**
>
> Dear Ross,
>
> Thank you for your PlayStation®Store pre-order purchase.
>
> A receipt of your pre-order purchase is below. Be sure to keep it in a safe place for future reference.
>
> Order Number: [redacted]    Online ID: [redacted]
> Date Purchased 08/25/2017 @ 09:05 PM
>
> | Details | Price |
> |---|---|
> | Mayweather vs. McGregor (LE/LE/en) Expected Playable Date: 08/26/2017 @ 04:45 PM | $99.95 |
>
> Subtotal: $99.95
> Tax: $0.00
> Current Wallet Amount*: $0.00    Total: $99.95
> *This wallet amount is current as of the date and time of this transaction.
>
> This e-mail message has been delivered from a send-only address. Please do not reply to this message. For more information about your account, please visit the links below.
>
> Support:
> http://www.us.playstation.com/corporate/contactus/
>
> Terms of Use and Privacy Policy:
> https://www.playstationnetwork.com/legal

11. On August 26, 2017, the Mayweather fight took place in Las Vegas, Nevada.

12. The Mayweather fight was advertised and promoted extensively by the Defendants.

13. Defendants ran advertisements for the Mayweather fight which made clear that the Mayweather fight could be purchased for viewing live from Defendants.

14. News articles also announced that the Mayweather fight could be streamed live through purchasing a live stream from Defendants to be streamed through a PS4 system.

15. On August 26, 2017, at approximately 6:00 pm EST, Plaintiff turned on his PS4 system and accessed the Mayweather fight stream that he had purchased from Defendants. To his extreme disappointment and frustration, Plaintiff quickly learned that Defendants' service was defective and failed to stream the Mayweather fight as Defendants had advertised. During the undercards and the main event, Plaintiff experienced periodic blackouts, video, buffering events, delays and stalls and Defendants failed to deliver the Mayweather fight completely or clearly. The stream was non-existent or shoddy.

16. At the same time Defendants' service was unable to stream the Mayweather fight, Plaintiff was able to watch other streaming services on his PS4.

17. There were numerous complaints posted by Defendants' customers in real time and after the fight experiencing the same issue with Defendants' defective service. Some examples from Twitter, Facebook and Sony Playstation's Support Forum appear below:



Source: @seanb511, Twitter (Aug. 26, 2017, 5:27 PM) https://twitter/seanb511/status/901602058129653760



Source: @thedarkdad3, Twitter (Aug. 26, 2017, 9:00 PM) https://twitter/status/901655579583709188







Source: PlayStation, *Kings collide. Watch Mayweather vs. McGregor tonight on PS4*. Facebook (Aug. 26, 2017, 12:04 PM)

https://www.facebook.com/PlayStation/videos/vb.14104316802/10155712189901803/?type=3&theater



Source: @paulva82, *McGregor vs Mayweather Issues? Customer Support???,* Playstation Forums (Aug. 26, 2017)

https://community.playstation.com/content/pdc/us/en_US/pdc-communities/support/playstation-video-support.topic.html/mcgregor_vs_mayweath-ZcL2.html

## Mayweather vs. Mcgregor keeps cutting off

2 replies

Bought the event and watching the undercard right now. It keeps going to a black screen (cutting off) every couple of minutes. Hitting circle abd theb restarting the event either fixes it or gives a Network Unavailable error.

Internet test is giving perfectly acceptable results.

paulva82


08/26/2017 - 10:13pm

Same for me too unfortunatley. Execpt mine starting right during the Main Event!! First time using the video streaming from PSN and its a rough start for sure. Even cut off the end of the final interview which was pretty important to watch. And I constantly have 65 Mbps. Charter says no shortage/outages in my area.

Source: @Iz-Good, *Mayweather vs. Mcgregor keeps cutting off*, Playstation Forums (Aug. 26, 2017)

https://community.playstation.com/content/pdc/us/en_US/pdc-communities/support/playstation-video-support.topic.html/mayweather_vs_mcgre-sfvW.html

## McGregor Mayweather feed cutting out

1 replies

I bought this feed from the playstation store. I'm using the fastest cable modem comcast has jacked straight into mty ps4. No issues all day until your PPV started. No customer service phone #. Chat has left me in Queue for a 1/2 hour. I've been sitting here entewring recapchas and 1/2 watching a PPV i paid $100 for. Very very sad.

Source: @Obi_Wil_Kenobi, *McGregor Mayweather feed cutting out*, Playstation Forums (Aug. 26, 2017)

https://community.playstation.com/content/pdc/us/en_US/pdc-communities/support/games-services.topic.html/mcgregor_mayweather-xSbA.html

## CLASS ALLEGATIONS

18. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 on behalf of the following consumer class:

> The Class: All persons in the United States who purchased the Mayweather fight, from Defendants, for viewing through a PlayStation 4 system. Excluded from the Class are Defendants, its parent, subsidiaries and affiliates, their directors and officers and members of their immediate families; also excluded are any federal, state or local governmental entities, any judicial officers presiding over this action and the members of their immediate family and judicial staff, and any juror assigned to this action.

19. This action is brought, and may properly be maintained, as a class action under Fed. R. Civ. P. Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable. This action satisfies the predominance, typicality, numerosity, superiority, and adequacy requirements of these provisions.

(a) **Numerosity**: The plaintiff class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes, and based thereon alleges, that over one-thousand (1,000) persons purchased tickets for Defendants' live stream of the Mayweather fight.

(b) **Commonality**: Common questions of law and fact exist as to all members of the plaintiff class and predominate over any questions that affect only individual members of the class. The common questions of law and fact include, but are not limited to:

(i) Whether Defendants made false representations about the live stream of the Mayweather fight;

  (ii) If so, whether Defendants knew they were false or were reckless as to their veracity at the time they were made;

  (iii) Whether Defendants negligently misrepresented various facts regarding the live stream of the Mayweather fight; and

  (iv) Whether Defendants breached any implied or explicit contractual obligations to ticket buyers of the live stream of the Mayweather fight; and

  (v) Whether Defendants were unjustly enriched by taking and keeping money for a service that was not provided.

(c) **Typicality**: Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and the members of the class sustained damages arising out of Defendants' wrongful and fraudulent conduct as alleged herein.

(d) **Adequacy**: Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff has no interest that is adverse to the interests of the other Class Members.

(e) **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of the class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Class

1 litigation would also prevent the potential for inconsistent or contradictory judgments.

2

3     (f) **Public Policy Considerations**: When a company or individual engages in fraudulent and predatory conduct with large swaths of consumers, it is often difficult or impossible for the vast majority of those consumers to bring individual actions against the offending party.  Many consumers are either unaware that redress is available, or unable to obtain counsel to obtain that redress for financial or other reasons. Class actions provide the class members who are not named in the complaint with a vehicle to achieve vindication of their rights. The members of the class are so numerous that the joinder of all members would be impractical and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the court.  There is a well-defined community of interest in the questions of law or fact affecting the Plaintiff Class in that the legal questions of fraud, breach of contract, and other causes of action, are common to the Class Members.  The factual questions relating to Defendants' wrongful conduct and their ill-gotten gains are also common to the Class Members.

///

///

///

# CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

### Plaintiff Against All Defendants

20.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

21.  Plaintiff and the Class entered into contracts with Defendants to view the Mayweather fight through Defendants' live stream in exchange for money. Plaintiff and the Class provided payment to Defendants in consideration for Defendants' promise to provide a live stream of the Mayweather fight.

22.  Instead, Defendants breached the contracts by failing to provide a complete and clear viewing of the Mayweather fight.

23.  As a result of Defendants' breach of contract, Plaintiff and the other members of the Class were damaged.

## SECOND CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

### Plaintiff Against All Defendants

24.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

25.  Plaintiff and the Class entered into contracts with Defendants to view the Mayweather fight through Defendants' live stream in exchange for money. Plaintiff and the Class provided payment to Defendants in consideration for Defendants' promise to provide a live stream of the Mayweather fight.

26.  As shown above, Defendants interfered with Plaintiff's right to receive the benefits of the contract.

## THIRD CLAIM FOR RELIEF

### (Unjust Enrichment)

### Plaintiff Against All Defendants

27. Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

28. Plaintiff and members of the Class conferred benefits on Defendants by purchasing Defendants' live streaming service.

29. Defendants have been unjustly enriched in retaining revenues derived from Plaintiff's and Class members' purchases of the live streaming service.

30. As a matter of justice and equity, Defendants should not be able to retain the pay-per-view fees they charged Plaintiff and the Class Members for live streaming services that were never provided or received. Plaintiff and the Class Members are entitled to restitution based on Defendants' unjust enrichment as alleged in this complaint.

## FOURTH CLAIM FOR RELIEF

### (Fraud – Intentional Misrepresentation)

### Plaintiff Against All Defendants

31. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

32. As stated above, Defendants made numerous false representations regarding the live stream of the Mayweather fight.

33. Defendants represented, among other things, that they would provide a live stream of the Mayweather fight.

34. The representations made by Defendants proved to be false.

35. Defendants, through various social media outlets, promoted this event vigorously. As the sponsor of this event, Defendants knew that the representations

were false; or at the minimum, Defendants made the representation with reckless disregard for the truth.

36. These representations by Defendants were clearly made to promote the event and increase the number of attendees to the event.

37. Based on the representations by Defendants, Plaintiff and the Class purchased the live stream and attempted to live stream the event.

38. Plaintiff and the Class members each expended nearly one hundred dollars for this event.

39. Plaintiff and the Class specifically made the above expense based on their reliance on Defendants' representations.

## **FIFTH CLAIM FOR RELIEF**
### (Fraud – Negligent Misrepresentation)
### Plaintiff Against All Defendants

40. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

41. As stated above, Defendants made numerous false representations regarding the live stream of the Mayweather fight.

42. Defendants represented, among other things, that they would provide a live stream of the Mayweather fight.

43. The representations made by Defendants proved to be completely false.

44. Defendants, through various social media outlets, promoted this event vigorously. Although Defendants may have honestly believed that these representations were true, based on the lack of preparation for the event and or the technical capability to provide this event, Defendants had no reasonable grounds for believing the representations were true when they made them

- 15 -

45. These representations by Defendants were clearly made to promote the live streamed event and increase the number of purchaser to the live streamed event.

46. Based on the representations by Defendants, Plaintiff and the Class members purchased the live stream and attempted to live stream the event

47. Plaintiff and the Class Members each expended nearly one hundred dollars for this event.

48. Plaintiff and the Class Members specifically made the above expenses based on their reliance on Defendants' representations.

///

///

///

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on his own behalf, and on behalf of the Class Members, prays for judgment as follows:

## CLASS CERTIFICATION:

1. For an order certifying the proposed Class;
2. That Plaintiff be appointed as the representative of the Class; and
3. That counsel for Plaintiff be appointed as Class Counsel.

## AS TO ALL CLAIMS:

1. For all actual, consequential, and incidental losses and damages, according to proof;
2. For punitive damages, where permitted by law;
3. For attorneys' fees, where permitted by law;
4. For costs and suit herein incurred; and
5. For such other and further relief as the Court may deem just and proper.

DATED: August 30, 2017

**GERAGOS & GERAGOS, APC**

By:  /s/ MARK J. GERAGOS
MARK J. GERAGOS
NOAH J. GELDBERG
644 S. Figueroa Street
Los Angeles, CA 90017

LORI FELDMAN, pro hac forthcoming
GERAGOS & GERAGOS, APC
7 West 24th Street
New York, New York 10010

MICHAEL FULLER, pro hac forthcoming
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

BONNER C. WALSH, pro hac forthcoming
WALSH PLLC
PO Box 7
Bly, Oregon 97622
bonner@walshpllc.com
Phone 541.359.2827
Facsimile 866.503.8206

Attorneys for Plaintiff ROSS THOMPSON, individually and as the representative of a class of similarly-situated persons

///

///

///

# DEMAND FOR JURY TRIAL

Plaintiff Ross Thompson, individually and as the representative of a class of similarly-situated persons, hereby demands a jury trial.

DATED: August 30, 2017

**GERAGOS & GERAGOS, APC**

By: /s/ MARK J. GERAGOS
MARK J. GERAGOS
NOAH J. GELDBERG
644 S. Figueroa Street
Los Angeles, CA 90017

LORI FELDMAN, pro hac forthcoming
GERAGOS & GERAGOS, APC
7 West 24th Street
New York, New York 10010

MICHAEL FULLER, pro hac forthcoming
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

BONNER C. WALSH, pro hac forthcoming
WALSH PLLC
PO Box 7
Bly, Oregon 97622
bonner@walshpllc.com
Phone 541.359.2827
Facsimile 866.503.8206

Attorneys for Plaintiff ROSS THOMPSON, individually and as the representative of a class of similarly-situated persons